UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60364-CIV-COHN/SELTZER

VANTAGE HOSPITALITY GROUP, INC.,
f/k/a BEST VALUE INN BRAND
MEMBERSHIP, INC., a Florida corporation,

    Plaintiff,

v.

BOCCELLI, LLC d/b/a BOCCELI, LLC and
d/b/a BOCCELLIS LIMITED LIABILITY
COMPANY, a Maryland limited liability
company, and MIKE KHATIWALA, an
individual,

    Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PARTIAL DEFAULT JUDGMENT AS TO INJUNCTIVE RELIEF AGAINST DEFENDANT BOCCELLI

**THIS CAUSE** is before the Court on Plaintiff Vantage Hospitality Group, Inc.'s Motion for Partial Default Judgment as to Injunctive Relief Against Defendant Boccelli [DE 15]. The Court has considered the motion and the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

On February 29, 2012, Plaintiff filed this action against Defendants Boccelli, LLC ("Boccelli") and Mike Khatiwala. See Complaint [DE 1]. Plaintiff alleges that Defendants infringed and counterfeited Plaintiff's registered "Americas Best Value Inn" service mark following Defendant Boccelli's breach of a licensing agreement with Plaintiff. Id. ¶ 1. According to the Complaint, "Defendant Khatiwala is a manger of

Defendant Boccelli, and is directly responsible for causing Defendant Boccelli to engage in infringing activities set forth in Counts I, II, and III." Id. ¶ 7. The Complaint seeks compensatory damages, treble damages, injunctive relief and attorney's fees against Defendants for violations of the federal Lanham Act (Counts I, II, and III), and compensatory damages against Defendant Boccelli for breach of contract (Count IV).

Defendant Boccelli was served with the Complaint on March 2, 2012. See Return of Service [DE 11]. When Defendant Boccelli failed to respond to the Complaint within the requisite time, Plaintiff moved for an entry of default, and the Clerk entered the default on April 26, 2012. See Motion for Entry of Clerk's Default [DE 13]; Clerk's Entry of Default [DE 14].

Although a Summons [DE 5] was issued as to Defendant Khatiwala, there is no indication on the record that this Defendant has been served. Additionally, Plaintiff represents in the instant Motion that it is "currently investigating third parties whom it may add as defendants in this action." Mot. at 2.

Now, Plaintiff seeks a default judgment against Defendant Boccelli as to the injunctive relief sought in Counts I, II, and III. See Mot. at 2. Defendant Boccelli has not filed a response to the Motion, and the time for responding has passed. Nonetheless, as explained below, the motion must be denied at this time.

## II. DISCUSSION

District courts have "the authority to enter default judgment for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure." Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985). Federal Rule of Civil Procedure 55(a) provides, in pertinent part, that a default may be entered "[w]hen a party against

whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. 55(a).  A defaulted defendant is deemed to "admit[] the plaintiff's well-pleaded allegations of fact." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).  The defendant, however, "is not held to admit facts that are not well-pleaded or to admit conclusions of law." Id.; accord Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005). "Entry of judgment by default is a drastic remedy which should be used only in extreme situations." Wahl, 773 F.2d at 1169.  "There is a strong preference that cases be heard on the merits instead of imposing sanctions that deprive a litigant of his day in court." Owens v. Benton, 190 Fed. App'x 762, 763 (11th Cir. 2006).

"Courts have recognized . . . that in certain circumstances a default judgment is inappropriate if it results in inconsistency among judgments." Marshall & Ilsley Trust Co. v. Pate, 819 F.2d 806, 811 (7th Cir. 1987).  The Supreme Court recognized this proposition in Frow v. De La Vega, 82 U.S. 552 (1872).  In Frow, the plaintiff filed a complaint charging eight defendants with a "joint conspiracy" to defraud him of a piece of real property.  Of these eight defendants, Frow failed to file a timely answer and the district court entered a pre-trial default judgment against him.  The district court ultimately decided the merits of the case against the plaintiff and dismissed the complaint.  Frow appealed the default judgment to the Supreme Court.  Ruling in favor of Frow, the Supreme Court wrote:

> If the court in such a case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the other, then this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants and another decree disaffirming the said

3

charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill.  And such acts of incongruity, it seems, did actually occur in this case.  Such a state of things is unseemly and absurd, as well as unauthorized by law.

Id. at 554.

Modern courts have interpreted Frow to stand for the following proposition:

[I]f at trial facts are proved that exonerate certain defendants and that as a matter of logic preclude the liability of another defendant, the plaintiff should be collaterally estopped from obtaining a judgment against the latter defendant, even though it failed to participate in the proceeding in which the exculpatory facts were proved.

Farzetta v. Turner & Newall, Ltd., 797 F.2d 151, 154 (3d Cir. 1986).  Several Circuits, including the Eleventh, have found that Frow applies to situations where defendants are jointly and severally liable, or have closely related defenses.  See, e.g., Neilson v. Chang (In re First T.D. & Inv., Inc.), 253 F.3d 520, 532 (9th Cir. 2001); Wilcox v. Raintree Inns of Am., Inc., 76 F.3d 394, 1996 WL 48857 (10th Cir. 1996); Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc., 740 F.2d 1499, 1512 (11th Cir. 1984); U.S. for Use of Hudson v. Peerless Ins. Co., 374 F.2d 942 (4th Cir. 1967).  Other federal courts have applied the Frow doctrine more narrowly, such as in cases of true joint liability or cases where the defaulting defendant cannot be liable unless the non-defaulting defendants are liable.  See, e.g., McMillian/ McMillian, Inc. v. Monticello Ins. Co., 116 F.3d 319 (8th Cir. 1997) (Frow not extended to a situation where co-defendants shared closely related interests but were not truly jointly liable); Whelan v. Abell, 953 F.2d 663, 674-75 (D.C. Cir. 1992) (Frow should apply only when liability is truly joint or necessary for effective relief); In re Uranium Antitrust Litig., 617 F.2d 1248, 1256-58 (7th Cir. 1980) (Frow not extended to cases of joint and several liability if results are not logically

4

inconsistent or contradictory).

According to Wright, Miller and Kane, the "key" in deciding the application of Frow to individual cases is to "recognize that the Frow principle is designed to apply only when it is necessary that the relief against the defendants be consistent.  If that is not the case, then a default against one defendant may stand, even though the remaining defendants are found not liable."  10A  Wright, Miller & Kane, Federal Practice and Procedure § 2690 (3d ed. 1998 & Supp. 2009).  Even courts that take a limited view of the continued force of Frow conclude that the case controls "in situations where the liability of one defendant necessarily depends upon the liability of the others."  Int'l Controls Corp. v. Vesco, 535 F.2d 742, 746 n. 4 (2d Cir. 1976); see also In re Uranium, 617 F.2d at 1257.

Here, Plaintiff brings Counts I, II, and III against both Defendants, but Plaintiff seeks a default judgment as to these Counts only against Defendant Boccelli.  The Complaint asserts, however, that "[a]t all relevant times, Defendant Khatiwala has directly controlled the continued authorized use of the Mark by Defendant Boccelli, and has directed, participated in, ratified, or otherwise assisted the unauthorized, and hence infringing, use of the Mark."  Compl. ¶ 21.  In the Complaint, Plaintiff alleges, "As the active moving force behind Defendant Boccelli's infringement, Defendant Khatiwala, individually, is jointly and severally liable for Defendant Boccelli's infringement."  Id.  Further, Counts I, II, and II, each specify that they seek "judgment against Defendants, jointly and severally . . . ."  Id. at 6, 7, 8.

Based on these allegations, a default judgment against Defendant Boccelli on Counts I, II, and III would be inconsistent in the event that Defendant Khatiwala is

ultimately exonerated of the charges against him in these counts.  Moreover, given that a corporate defendant can act only though its employees and agents, and given that Plaintiff specifically alleges that Defendant Boccelli was "directly responsible for causing Defendant Boccelli to engage in infringing activities set forth in Counts I, II, and III," Compl. ¶ 7, Defendant Khatiwala's defense will be "closely related" to Defendant Boccelli's defense.  <u>Wilcox</u>, 1996 WL 48857, at *3.  Finally, based on Plaintiff's representation that it is currently investigating potential additional defendants, the Court is hesitant to enter a default judgment against Defendant Boccelli where such judgment could be inconsistent with the judgments against additional defendants.  Therefore, the Court will deny Plaintiff's Motion without prejudice, pending the adjudication of this case on the merits against Defendant Khatiwala and any additional defendants.

### III.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff Vantage Hospitality Group, Inc.'s Motion for Partial Default Judgment as to Injunctive Relief Against Defendant Boccelli [DE 15] is **DENIED without prejudice**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 16th day of May, 2012.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF